



U.S. Department of Justice

*United States Attorney*
*District of Maryland*
*Northern Division*

---

*Rod J. Rosenstein*
*United States Attorney*

*James G. Warwick*
*Assistant United States Attorney*

*36 South Charles Street*
*Fourth Floor*
*Baltimore, Maryland 21201*

*DIRECT: 410-209-4860*
*MAIN: 410-209-4800*
*FAX: 410-962-3124*
*TTY/TDD: 410-962-4462*

*James.Warwick@usdoj.gov*

August 12, 2014

Andrew C. White, Esq.                                   UNDER SEAL
201 N. Charles Street
Suite 2600
Baltimore, Maryland 21201

      Re:    United States v. SensorCom Inc.
              <u>Criminal No. *GLR-14-0562*</u>

Dear Mr. White:

        This letter confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). This agreement is tendered to the Court pursuant to Rule 11 (c)(1)(C). The agreed disposition is a sentence of probation for five years. The Court is afforded complete discretion in determining the amount of any fine herein. If the Defendant accepts this offer, please have the appropriate corporate representative execute it in the spaces provided below. The terms of the agreement are as follows:

<u>Offense of Conviction</u>

        1.     The Defendant, through an authorized representative, agrees to waive indictment and plead guilty to Count One of a Criminal Information to be filed, which charges the Defendant corporation with the Unlawful Export of a Defense Article in violation of 18 U.S.C. Section 2778. The Defendant admits that it is, in fact, guilty of said offense and will so advise the Court through its representative.

<u>Elements of the Offense</u>

2.     The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

Count One:

First:   That the defendant exported from the United States to Singapore a defense article, hereinafter identified as 'Cheetah;'

Second:   That the defendant exported the defense article knowingly and willfully;

Third: That the exportation of the defense article required a license or written authorization from the Department of State;

Fourth:   That no export license or written authorization was obtained by the defendant; and

Fifth:   That 'Cheetah' was a time-synchronized, ground-based, custom made signals collection and processing system that is a defense article contained on the Department of State Munitions List.

<u>Penalties</u>

3.     The maximum sentences provided by statute for each count referenced herein and to which the Defendant is pleading guilty are as follows: five years probation and a fine of $3,700,000. In addition, the Defendant must pay a total of $100.00 as a special assessment pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing.   This Court may also order it to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.[1]   If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise.

<u>Waiver of Rights</u>

4.     The Defendant, through its designated representative, understands that by entering into this agreement, it surrenders certain rights as outlined below:

a.     If the Defendant had persisted in its plea of not guilty, it would have had the right to a speedy jury trial with the close assistance of competent counsel.   That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court

---

[1]     Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

all agreed.

b.    If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community.    Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count.    The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

c.    If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt.    The Defendant would have the right to confront and cross-examine the government's witnesses.    The Defendant would not have to present any defense witnesses or evidence whatsoever.    If the Defendant wanted to call witnesses in its defense, however, it would have the subpoena power of the Court to compel the witnesses to attend.

d.    The Defendant would have the right to have its representative testify in its own defense if it so decided, and it would have the right to refuse to have its representative testify.    If the representative chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from its decision not to have its representative testify on behalf of the corporation.

e.    If the Defendant were found guilty after a trial, it would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against it.    By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

f.    By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence.    By pleading guilty, the Defendant understands that it may have, through its representative, to answer the Court's questions both about the rights it is giving up and about the facts of it case.    Any statements the Defendant makes during such a hearing would not be admissible against it during a trial except in a criminal proceeding for perjury or false statement.

g.    If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find it guilty.

h.    By pleading guilty, the Defendant may be subject to civil and administrative penalties (or proceedings).

<u>Advisory Sentencing Guidelines Apply</u>



5.      The Defendant understands that the Court will determine a sentencing guidelines range for the case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

<u>Factual and Advisory Guidelines Stipulation</u>

6.      (a) This Office and the Defendant understand, agree and stipulate to the following Statement of Facts which this Office would prove beyond reasonable doubt, and to the following applicable sentencing guidelines factors:

Defendant SensorCom, Inc. (SensorCom) is a Maryland corporation engaged in the business of engineering and developing data acquisition and signal processing systems. Much of the business of SensorCom came from contracts with various agencies and components of the United States Government.  In or about 2007, SensorCom solicited contracts with the Defense Science Organization (DSO), the national defense laboratory for the government of Singapore.   The solicitations were for a program called 'Cheetah,' which is a time-synchronized, ground-based, custom-made signals collection and processing system. SensorCom promoted 'Cheetah' as battlefield technology capable of "convoy route tracking/IED notification, signals intercept/geo-location, and person-of-interest/MASINT collection."

Category XI of the United States Munitions List designates electronics specifically designed, modified or equipped for military applications, and all related components and technical data, as defense articles subject to export control. 'Cheetah is a remote data acquisition and signals processing system configured for military use. 'Cheetah' is manufactured by SensorCom in the United States and, having military and intelligence applications, is a defense articles under Category XI(b) of the Munitions List. The export from the United States of the "Cheetah' device or technology requires the permission of the Department of State, Directorate of Defense Trade Controls (DDTC).

On or about August 1, 2007, SensorCom agreed to sell twenty-two units of 'Cheetah' to DSO for approximately $823,000.   On or about September 15, 2008, SensorCom exported six units of 'Cheetah' to DSO in Singapore.   Deliveries of additional units of 'Cheetah' to DSO continued through April of 2010.   At no time did SensorCom obtain the necessary approvals from the DDTC to export 'Cheetah' to Singapore.   The export of 'Cheetah' violated applicable export laws.   SensorCom acknowledges that is knowingly and willfully exported 'Cheetah' without having obtained an export license from the DDTC.

4



The defendant admits that the aforementioned conduct constitutes the exportation of arms and munitions as set forth in Count One of the Criminal Information.   This conduct creates base offense levels of 26 for Count Two under Sentencing Guideline §2M5.2(a)(1).   Chapter 8 of the Sentencing Guidelines apply to this matter.   Pursuant to § 8D1.2(a)(2), the maximum term of probation is 5 years.

<u>Obligations of the United States Attorney's Office</u>

7.      Based upon the evidence in its possession at the time this agreement is entered, this Office agrees not to bring any additional charges against the Defendant corporation or against any other person, including officers and employees of the corporation, related to the false statements in the export certificates which is the subject of this prosecution. The Defendant recognizes that the agreement by the United States to forego prosecution of all criminal offenses with which the Defendant might be charged is based solely on the promises made by the Defendant in this agreement.   If the Defendant breaches this agreement, the United States retains the right to proceed with additional charges for any criminal violations established by the evidence.   The Defendant expressly waives its right to challenge the initiation of additional charges against it should it breach this agreement.

8.      The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct, including the conduct that is the subject of the investigation in this matter.

<u>Rule 11 (c) (1) (C) Plea</u>

9.      The parties stipulate and agree pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that a sentence of five years probation for the Defendant corporation, together with a fine of $100,000 ~~on each count for a total fine of $200,000~~, is the appropriate disposition of this case.   This agreement does not affect the Court's discretion to impose a fine or to set any lawful conditions of probation.   Any fine imposed by the Court may be paid, with the Court's approval, over the five year period of probation.   In the event that the Court rejects this plea agreement, *either* party may elect to declare the agreement null and void.   Should the Defendant so elect, it will be afforded the opportunity to withdraw its plea pursuant to the provisions of Federal Rule of Criminal Procedure 11(c)(5).

10.     The Defendant further agrees that it will fully disclose to the probation officer and to the Court, subject to the penalty of perjury, all information, including but not limited to copies of all relevant bank and financial records, regarding the current location and prior disposition of all funds obtained as a result of the criminal conduct set forth in the factual stipulation.   If the Defendant does not fulfill this provision, it will be considered a material



breach of this plea agreement, and this Office may seek to be relieved of its obligations under this agreement.

## Waiver of Appeal

11.     In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

a.     The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

b.     The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed, including the right to appeal any issues that relate to the establishment of the advisory guidelines range and the determination of the defendant's sentence, and the decision whether to impose and the calculation of any fine, order of forfeiture, and order of restitution.   The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

## Obstruction or Other Violations of Law

12.     The Defendant agrees that it will not commit any offense in violation of federal, state or local law between the date of this agreement and its sentencing in this case.   In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for its conduct by failing to acknowledge it guilt to the probation officer who prepares the Presentence Report, or (iii) commits any offense in violation of federal, state or local law, then tit Office will be relieved of its obligations to the Defendant as reflected in this agreement.   Specifically, this Office will be free to argue sentencing factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement.   In the event of a breach by the Defendant, this Office may share such evidence of breach with appropriate regulatory agencies, including but not limited to the USDA and the FDA.   As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence.   The Defendant acknowledges that it may not withdraw its guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

## Court Not a Party

13.     The Defendant expressly understands that the Court is not a party to this agreement.   In the federal system, the sentence to be imposed is within the sole discretion of the



Court.   In particular, the Defendant understands that neither the United States Probation Office nor the Court is bound by the stipulation set forth above, and that the Court will, with the aid of the Presentence Report, determine the facts relevant to sentencing.   The Defendant understands that the Court cannot rely exclusively upon the stipulation in ascertaining the factors relevant to the determination of sentence.   Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information.   The Defendant understands that the Court is under no obligation to accept this Office's recommendations, and the Court has the power to impose a sentence up to and including the statutory maximum stated above.   The Defendant understands that if the Court ascertains factors different from those contained in the stipulation set forth above, or if the Court should impose any sentence up to the maximum established by statute, the Defendant cannot, for that reason alone, withdraw its guilty plea, and will remain bound to fulfill all of its obligations under this agreement.   The Defendant understands that neither the prosecutor, its counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive.   The Defendant agrees that no one has made such a binding prediction or promise.

## Entire Agreement

14.    This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and none will be entered into unless in writing and signed by all parties.

7

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant, through its designated representative, sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By:_____
James G. Warwick
Assistant United States Attorney

I am the President and Chief Operating Officer of SensorCom Inc. and have been authorized by a resolution of the Board of Directors of SensorCom Inc. to act on behalf of the Defendant corporation. I have read this agreement and carefully reviewed every part of it with counsel for the Defendant corporation. On behalf of the Defendant corporation, I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with the corporation's attorney, and I do not wish to change any part of it. On behalf of the Defendant corporation, I am completely satisfied with the representation by its counsel.

2/6/2015
_____
Date

_____
Ashok Law

I am counsel for SensorCom Inc. I have carefully reviewed every part of this agreement with Ashok Law, President and Chief Operating Officer of SensorCom Inc. I have reviewed the resolution of the Board of Directors of SensorCom Inc. and am satisfied that Mr. Law has the proper authority to enter into this agreement on behalf of the Defendant corporation. Mr. Law advises me that he understands and accepts the terms of this agreement on behalf of SensorCom Inc. To my knowledge, its decision to enter into this agreement is an informed and voluntary one.

2/6/15
_____
Date

_____
Andrew C. White, Esq.

8